UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                              Case No.: 8:09-cr-78-T-33EAJ

**JAMES STANTON PERRY**
_____/

## ORDER

In anticipation of his criminal trial, Defendant moved to suppress both incriminating evidence obtained during a search and incriminating post-arrest statements made during three separate interviews with law enforcement. Pursuant to 28 U.S.C. § 636(b)(1), Defendant's motion was referred to United States Magistrate Judge Elizabeth Jenkins for a Report and Recommendation. Judge Jenkins conducted an evidentiary hearing and now recommends that Defendant's motion be denied. (Doc. 43.)

Judge Jenkins denied Defendant's Motion to Suppress evidence obtained during a search of the basement of a rented home (the "Basement") where witnesses Lori Bennett ("Bennett") and Steven Tuttle ("Tuttle") lived because Defendant did not have a subjective expectation of privacy in the Basement; thus, Defendant's Fourth Amendment rights were not implicated by the search. (Doc. 43.) Judge Jenkins denied Defendant's request to suppress his post-arrest statements because law enforcement properly informed Defendant of his Miranda rights before each incriminating statement was made.

Pursuant to 28 U.S.C. § 636(b)(1), after review of the findings and recommendations of a Magistrate Judge, a District Judge may accept, reject, or modify a Report and Recommendation. Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), *cert*. *denied*, 459 U.S. 1112 (1983). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); Axa Equitable Life Ins. Co. v. Infinity Financial Group, LLC, 608 F.Supp.2d 1330, 1332 (S.D. Fla. 2009). "Portions of the report and recommendation that are not specifically objected to are subject to the clear error standard." Id.; Nettles v. Wainwright, 677 F.2d 404, 410, n.8 (5th Cir. 1982) ("to trigger *de novo* review, an objection must be specific; a party cannot simply raise a general objection to a magistrate's report and recommendation by reasserting by reference every argument in its initial brief"). Defendant timely filed an Objection to the Report and Recommendation. (Doc. 28.) Defendant's objections pertain only to the Motion to Suppress evidence obtained during the search of the Basement. Defendant raises no objection to the finding that his post-arrest statements should be denied.

First, Defendant objects to Judge Jenkins' factual findings that (1) Tuttle was never handcuffed, (2) Kelli Smith ("Smith") was Defendant's girlfriend, and (3) Tuttle and Bennett each consented to the search of the Basement. "Whenever any party files a timely and specific objection to a finding of fact by a [M]agistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue." LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). Where faced with different accounts of the facts, the fact-finder must make a credibility determination. To determine credibility, the fact finder-here, the Court-must observe the witness. Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). In the case of a Report and

Recommendation by a Magistrate Judge, to determined credibility, the district court may either accept the determinations of the Magistrate after reading the record or reject the Magistrate's decision and come to an independent decision after hearing the testimony and viewing the witnesses. Id. After review of the evidentiary hearing transcripts (Docs. 35 and 47), the Court finds that Judge Jenkins' findings are reasonable and appropriate and that there is no reason to conduct further hearings.

At the evidentiary hearing, witnesses, including Tuttle, offered contradictory testimony about whether law enforcement placed him in handcuffs. Tuttle first claims he was not placed in handcuffs, and then changes his testimony to "I do believe I was handcuffed." See Tuttle Test., Doc. 47, pp. 27-28. Later during Tuttle's testimony, Judge Jenkins seeks clarification from Tuttle about his being placed in handcuffs. Judge Jenkins asks, "I just want to be clear about what you said. You seemed unsure as to whether or not at the time you were stopped in the U-Haul you were in handcuffs or not. Uh, you weren't handcuffed when waiting outside of your house, were you?" Tuttle Test., Doc. 47 at p. 35. Tuttle responds, "No, ma'am." Tuttle Test., Doc. 47 at p. 35. Judge Jenkins then confirms with Tuttle that following Defendant's arrest Tuttle had the ability to move around, use his cell phone to make calls and text, enter his home and get cigarettes, and drive away from Defendant's arrest site. Tuttle Test., Doc. 47 at p. 35. Testimony from one of Defendant's arresting officers supports Judge Jenkins' finding that Tuttle was not handcuffed at the time of Defendant's arrest, or at anytime thereafter. See Cruz Test., Doc. 35 at p. 35 ("Mr. Tuttle was not handcuffed."). After independent *de novo* review of the complete record, the Court accepts Judge Jenkins' conclusion that Tuttle was not handcuffed.

At the evidentiary hearing, witnesses offered contradictory testimony about whether Smith was Defendant's girlfriend. See Doc. 47 at p. 65; Doc. 35, pp. 6, 91-92 and 137-38. The record demonstrates that Smith and Defendant shared a residence and utility bills around the time of Defendant's arrest. See Doc. 35, pp. 91-92. Further, testimony of law enforcement officers indicates that surveillance of Smith and Defendant as well as conversations with Smith support the officers' conclusion that Smith was in a relationship with Defendant. See e.g., Doc. 35, pp. 86-92. Accordingly, the Court accepts Judge Jenkins' characterization of Smith as Defendant's "girlfriend."

At the evidentiary hearing, both Defendant and the Government offered physical evidence as well as copious testimony, including testimony of Tuttle, Bennett, and law enforcement officers, about whether Tuttle and Bennett each consented to the search of the Basement. After reviewing the extensive testimony of Tuttle and the extensive testimony of Bennett as well as the testimony of officers, the Court accepts Judge Jenkins' conclusion that both Tuttle and Bennett consented to the search.

Defendant next objects to Judge Jenkins' finding that, because Defendant did not have a subjective expectation of privacy in the Basement, Defendant's Fourth Amendment rights were not implicated by the search. (Doc. 43.) Relying on little legal citation or authority, Defendant argues that, even if the Court accepts that Defendant did not live in the Basement, the law fails to support that Defendant lacks standing under the Fourth Amendment because (1) the Fourth Amendment protects people, not places and (2) Defendant should be afforded the Fourth Amendment protections of overnight guests.

Defendant's objections are based on an erroneous reading of Judge Jenkins' ruling because Defendant fails to recognize that Judge Jenkins' ruling is based on an assumption that Defendant

4

enjoyed a valid expectation of privacy but that he abandoned that valid expectation through "words, acts and other objective facts." United States v. Hawkins, 681 F.2d 1343, 1345 (11th Cir. 1982). Judge Jenkins opined that "[a]lthough the parties dispute whether Defendant has "standing" to challenge the search, the inquiry "is more properly placed within the purview of substantive Fourth Amendment Law than within that of standing." See Doc. 43 at p. 5, n.3 (citing Minnesota v. Carter, 525 U.S. 83, 88 (1998) and United States v. Chaves, 169 F.3d 687, 690 (11th Cir. 1999)). Judge Jenkins' Report and Recommendation relies on clearly established case law and recognizes that the Fourth Amendment "establishes the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" See Doc. 43 at p. 6 (quoting United States v. Segura-Baltazar, 448 F.3d 1281, 1286 (11th Cir. 2006)). Relying on the factual findings she made after the evidentiary hearings, Judge Jenkins then applied the relevant legal authority and determined that Defendant disclaimed both interest in the Basement and ownership of any property located there.

Having accepted Judge Jenkins' factual findings and having read the transcripts from both evidentiary hearings, the Court agrees that, assuming Defendant had a valid expectation of privacy,[1] Defendant abandoned any valid expectation of privacy in the Basement by his acts and words. United States v. Sweeting, 933 F.2d 962, 964 (11th Cir. 1991); see also United States v. Jones, 184 Fed.Appx. 943, 947 (11th Cir. 2006) (relying on Sweeting and finding "no clear error in the district court's factual findings and no legal error in its rejection of [the] asserted subjective expectation of

---

[1] This Court makes no independent finding as to whether Defendant enjoyed any expectation of privacy under the Fourth Amendment either as a "person" or as an "overnight guest" and instead assumes that he meets that threshold. See e.g. United States v. Sweeting, 933 F.2d 962, 964 (11th Cir. 1991) (finding both that the defendant actually lived at a residence but failed to establish a subjective expectation of privacy because he explicitly disclaimed ownership or interest in the residence).

5

privacy" where defendant denied any relationship to the residence). Defendant denied living in the Basement and denied any relationship to the Basement, other than occasionally "crashing" there. Further, Defendant disclaimed ownership of any property at the Basement, other than a couch that he claimed that he stored there. Accordingly, as stated in Judge Jenkins' Report and Recommendation,[2] Defendant affirmatively abandoned any valid expectation of privacy he may have had in the Basement. See, e.g., Sweeting, 933 F.2d at 964 (finding that defendant abandoned his expectation of privacy at his residence because he explicitly disclaimed ownership or interest in the residence); Jones, 184 Fed.Appx. at 947.

Accordingly, after *de novo* review of the pertinent law, all papers pertinent to Defendant's Motion to Suppress, Defendant's objections to the Report and Recommendation, and Judge Jenkins' legal conclusions and findings of fact, in addition to the transcripts of the two days of evidentiary hearings, the Court accepts Judge Jenkins' recommendation to deny Defendant's Motion to Suppress the evidence obtained during the search of the Basement.

As to the recommendation to deny Defendant's request to suppress his post-arrest statements made during three separate interviews with law enforcement, because Defendant raises no specific objection to this finding, the Court reviews the recommendation for plain error. Axa Equitable Life Ins. Co., 608 F.Supp.2d at 1332 ("Portions of the report and recommendation that are not specifically objected to are subject to the clear error standard."). Judge Jenkins concludes that law enforcement properly informed Defendant of his Miranda rights before each of the three interviews during which Defendant made incriminating statements. After review of the pertinent law, all

---

[2] "Objections to a Magistrate Judge's Report and Recommendation are limited to addressing clear errors of law or fact finding, and therefore do not necessitate substantial additional research." Chambers v. Nelson, No. 1:07-cv-26 (WLS), 2008 WL 795061 at *1, n.1 (March 21, 2008).

papers pertinent to Defendant's Motion to Suppress, and Judge Jenkins' Report and Recommendation, the Court finds no plain error and accepts the recommendation to deny Defendant's request to suppress his post-arrest statements. Accordingly, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED** that:

(1) The Report and Recommendation (Doc. 43) recommending that the Motion be denied is **ACCEPTED** and **ADOPTED**.

(2) Defendant's Motion to Suppress Evidence (Doc. 20) is **DENIED**.

(3) The Objections (Doc. 28) to the Report and Recommendation are **OVERRULED**.

**DONE** and **ORDERED** from Chambers in Tampa, Florida, on this 6th day of July 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record