UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:09-cr-78-T-33EAJ

JAMES STANTON PERRY
_____/

### ORDER

In anticipation of trial and in response to the Government's Trial Memorandum Concerning Its Intention to Introduce Intrinsic and Extrinsic Evidence in Its Case-in-Chief (the "Trial Memorandum," Doc. 50), Defendant filed a Motion *in Limine* to Exclude 404(b) Evidence and Evidence Characterized as Inextricably Intertwined (the "Motion," Doc. 65). For the reasons that follow, the Motion (Doc. 65) will be **DENIED** in **PART** and **STAYED** in **PART**.

### I. Factual and Procedural Background[1]

After a successful surveillance operation by law enforcement officers ("Officers") on December 9, 2008, the Hillsborough County Sheriff's Office ("HCSO") arrested Defendant. Defendant is charged in a one count indictment of being a convicted felon in possession of Ammunition in and affecting interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Felon in Possession") (Doc. 9). At the time of his arrest, Defendant had an outstanding arrest warrant for state burglary and grand theft auto

---
[1] The full procedural and factual history of this case has been set forth in numerous previously issued Orders, thus, only those facts pertinent to the issues raised in the Motion will be repeated here.

pending against him. The HCSO also suspected that Defendant committed at least two burglaries (the "Burglaries") in Hillsborough County shortly before his arrest. In an attempt to execute the outstanding arrest warrant pending against Defendant and locate stolen property from the Burglaries, the HCSO placed Defendant under surveillance. The Officers observed Defendant and a friend in a U-Haul truck leaving a residence located at 19101 Sunlake Boulevard in Lutz, Florida (the "Residence"). The Officers arrested Defendant near the Residence. During a search of the Residence's basement, the Officers discovered stolen property connected to the Burglaries, as well as a KEL-TEK semi-automatic pistol (the "Firearm") loaded with six rounds of Speer 9mm ammunition ("Ammunition").[2]

An examination of Defendant's criminal history reveals that, prior to his arrest on December 9, 2008, Defendant had been convicted in court of multiple felony offenses (the "Felony Convictions"); that is crimes punishable by imprisonment for a term in excess of one year. Two of the Felony Convictions involved the use of firearms (the "Firearm Felony Convictions"). State records from the Office of Executive Clemency reveal that Defendant's civil right to possess a firearm or ammunition had not been restored at the time of his arrest.

---

[2] With regard to the evidence obtained during the search, United States Magistrate Judge Elizabeth Jenkins conducted a Suppression Hearing on Defendant's Motion to Suppress Evidence and Statements and Request for Evidentiary Hearing (the "Motion to Suppress," Doc. 20) and the Government's Response (Doc. 28). Magistrate Judge Jenkins issued a Report in which she recommended that the Court deny the Motion to Suppress (Doc. 43). The Court adopted the Report (Doc. 69).

This matter is set for a jury trial before the Undersigned on the Felon in Possession charge. During the trial, the Government seeks to introduce evidence that:

a. Defendant had an outstanding warrant for his arrest for burglary and grand theft auto charges from Pinellas County at the time of his arrest and the ensuing search that produced the Ammunition;

b. Defendant was suspected of committing the Burglaries and admitted to committing them following his arrest;

c. The Firearm was stolen during a residential burglary in the State; and

d. At the time of his arrest, Defendant was occasionally staying in and storing items at the Residence. The Firearm was located at the Residence in close proximity to stolen goods from the Burglaries.

The Government characterizes the (a-d) evidence as "inextricably intertwined" (the "Intertwined Evidence") with the Felon in Possession charge pending against Defendant. The Government argues that the Intertwined Evidence is admissible because it is relevant and more probative than prejudicial. See Fed. R. Evid. 402 and 403. The Government further argues that "admissible intrinsic evidence that is inextricably intertwined with the crime charged in the Indictment . . . [is] . . . not subject to Fed. R. Evid. 404(b)" (Doc. 50 at p. 1).

The Government also seeks to introduce evidence of the Firearm Felony Convictions and characterizes this evidence as "extrinsic." The Government claims that the Former Felony Convictions are probative of Defendant's knowledge, opportunity and lack of mistake, which are central to the Government's case against Defendant. See Fed. R. Evid. 402, 403 and 404(b). The Government informs the Court that it plans to

introduce only a fraction of Defendant's former criminal history, the Firearm Felony Convictions. The Government claims that it possesses certified copies of the Firearm Felony Convictions. Finally, the Government argues that "[a]ny prejudice to [Defendant] is mitigated by the fact that, based upon representations to date, [Defendant] intends to stipulate at trial that he is that he is a convicted felon. Therefore, the jury will already know that [Defendant] committed other crimes." (Doc. 50 at p. 14).

Defendant objects to the introduction of the above referenced evidence because it falls neither within one of the exceptions to Fed. R. Evid. 404(b) for admission of "bad character" evidence nor within the inextricably intertwined doctrine of admissibility. Defendant further argues that even if the Intertwined Evidence is admissible under a 404(b) exception, it should be excluded under Fed. R. Evid. 403 because its probative value is substantially outweighed by the danger that its introduction may unfairly prejudice, confuse or mislead any jury seated to hear this case.

## II. Standard for a Motion *in Limine*

The purpose of a motion *in limine* is to:

> [A]llow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. A court should only grant a motion *in limine* when the evidence at issue is clearly inadmissible on all potential grounds. Courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. Further, a court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was expected."

Sean Stephen and Daryl Stephen v. Police Officer John Hanley, 2009 WL 1471180 at * 2 (E.D.N.Y May 21, 2009) (internal citations omitted).

**III. Discussion**

The Federal Rules of Evidence govern the admissibility of evidence at trial and requires that evidence be relevant to be admissible. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Rule 403 permits the exclusion of evidence, even if relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. "A district court has broad discretion in making decisions under Rule 403's probative-prejudice balancing analysis." Stephen v. Hanley, 2009 WL 1471180 at * 3.

Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). "Rule 404(b) is a rule of inclusion, and accordingly, '404(b) evidence, like other relevant evidence, should not be lightly excluded when it is central to the prosecution's case.'" United States v. Jernigan, 341

F.3d 1273, 1280 (11th Cir. 2003) (citing United States v. Perez-Tosta, 36 F.3d 1552, 1562 (11th Cir. 1994).

The test for admissibility under Rule 404(b) in this Circuit includes: (1) "the evidence must be relevant to an issue other than the defendant's character"; (2) "the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act"; and (3) "the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir.2005).

Generally, Rule 404(b) prohibits evidence of offenses or illegal acts extrinsic to the crime alleged in the indictment to show the defendant's bad character. United States v. Costa, 691 F.2d 1358, 1361 (11th Cir. 1982). "Evidence not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if ... it forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." United States v. Church, 955 F.2d 688, 700 (11th Cir. 1992). (internal quotation omitted). "In such a situation, because the evidence is intrinsic, not extrinsic, we do not engage in a Rule 404(b) analysis." Id.; United States v. Richardson, 764 F.2d 1514, 1521 (11th Cir.1985) ("[t]hese prior wrongs were not extrinsic to the charged crimes because the evidence

concerning prior crimes was inextricably intertwined with the evidence of the charged crime").

**Intrinsic Evidence**

Intrinsic evidence to the crime charged includes: 1) an uncharged offense that arose from the same transaction or series of transactions as the charged offense; 2) events necessary to complete the story of the crime, or 3) facts inextricably intertwined with the evidence of the charged offense." United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007). Based on the compelling arguments set forth by the Government in the Trial Memorandum, the Court agrees with the Government's conclusion and characterization of the Intertwined Evidence as "intrinsic evidence" - that is, evidence that is inextricably intertwined with the Felon in Possession charge in this case. The Government's arguments on this issue are compelling and Defendant's argument in opposition failed to persuade the Court to adopt his position. Having determined that the Intertwined Evidence is intrinsic, the Court will not unnecessarily repeat the Government's arguments from the Trial Memorandum (Doc. 50).[3]

**Extrinsic Evidence**

In order to prove its case, the Government must prove that Defendant had been previously convicted of a crime punishable by imprisonment for a term in excess of one year. See Doc. 65 at p. 8 (citing to Pattern Jury Instructions (Criminal), U.S. Eleventh

---

[3] The Government also contends that the Intertwined Evidence is admissible pursuant to 404(b); however, having already found that the Intertwined Evidence is intrinsic, it is unnecessary for the Court to offer an opinion as to the admissibility of the evidence under this alternative theory.

Cir., Dist. Judges Assoc. 1997). To demonstrate this element, the Government seeks to introduce evidence concerning the facts and particulars underlying Defendant's arrests for the Felony Firearm. The Government informed the Court that it plans to submit this evidence to the jury during Defendant's trial, in part, through the admission of certified copies of the judgment and conviction records for the Felony Firearm Convictions.

The Government acknowledges that to clear the admission hurdle, evidence of the Felony Firearm Convictions must, in accordance with Fed. R. Evid. 404(b), be relevant to an issue other than Defendant's character, such as knowledge, plan or opportunity (Doc. 50 at p. 13). The Government claims that "knowingly possessing a gun at one point in time (or, in this case, on at least two prior occasions) establishes a clear connection with knowingly possessing a firearm at a subsequent period of time" (Doc. 50 at p. 13, citing to Jernigan, 341 F.3d at 1281-82). The Government further claims that introduction of the fact that Defendant committed armed robberies and possesses stolen forearms are extremely probative to demonstrating his knowledge and lack of mistake that he possessed the stolen firearm in this case and that it demonstrates "opportunity" because Defendant has demonstrated that he is able to obtain stolen firearms in the past (Doc. 50 at p. 14).

Even if these assumptions are true and probative, the Court finds that the admission of the facts and details underlying the Felony Firearms Convictions may unfairly prejudice Defendant, substantially outweighing any probative value that these

convictions might have as to the issue of Defendant's knowledge, motive, or intent to possess the Firearm. Further argument and information from counsel will be informative to the Court's ultimate determination of this issue. Thus, the Court finds it prudent to forego making a final determination about the admissibility of the Felony Firearm Convictions until the time of trial.

IV. **Conclusion**

The Court reminds the parties that rulings on motions *in limine* are subject to change when this case proceeds to trial. However, for the reasons set forth above, the Court finds that the Motion (Doc. 65) should be denied in part and stayed in part pending trial.

Therefore, it is **ORDERED**, **DECREED** and **ADJUDGED** that:

The Motion (Doc. 65) is **DENIED** in **PART** and **STAYED** in **PART** in accordance with the above.

**DONE** and **ORDERED** from Chambers in Tampa, Florida on this <u>6th</u> day of July 2009.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record